IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RANDALL SCOTT CASH,

        Plaintiff,                  No. 2:10-cv-1082 WBS EFB P

    vs.

DOROTHY A. SWINGLE, et al.,

        Defendants.            <u>ORDER SETTING SETTLEMENT CONFERENCE</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On September 12, 2012, the undersigned issued an order requesting confidential statements regarding case selection for the court's prisoner settlement program.  The court has received confidential statements from both parties and has determined this case would benefit from inclusion in the court's prisoner settlement program.  Therefore, this case will be referred to Magistrate Judge Craig M. Kellison to conduct a settlement conference at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California 96127 on December 4, 2012 at 1:30 p.m.

////

////

////

1

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Craig M. Kellison on December 4, 2012, at 1:30 p.m. at High Desert State Prison, 475-750 Rice Canyon Road, Susanville, California 96127.

2. Defendants' lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on defendants' behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Plaintiff shall, no later than November 9, 2012, submit to Defendant by mail, a written itemization of damages and a meaningful settlement demand which includes a brief explanation of why such a settlement is appropriate, not to exceed ten pages in length. Thereafter, and not later than 14 days before the settlement conference, Defendant shall respond, by **telephone**, with an acceptance of the offer or with a meaningful counteroffer which includes a brief explanation of why such a settlement is appropriate.

////

////

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval in Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596-97 (8th Cir. 2001).

2

1          5. If settlement is not achieved, each party shall provide a confidential settlement
2  conference statement to Sujean Park, ADR Coordinator, 501 I Street, Suite 4-200, Sacramento,
3  California 95814, to **arrive no later than November 27, 2012** and file a Notice of Submission
4  of Confidential Settlement Conference Statement (See L.R. 270(d)); Settlement statements
5  **should not be filed** with the Clerk of the Court or served on any other party.  Settlement
6  statements shall be clearly marked "CONFIDENTIAL" with the date and time of the settlement
7  conference prominently noted.  The confidential settlement statement shall be **no longer than**
8  **five pages** in length, typed or neatly printed, and include the following:
9              a. A brief statement of the facts of the case.
10             b. A brief statement of the claims and defenses, i.e., statutory or other grounds
11 upon which the claims are founded; a forthright evaluation of the parties likelihood of prevailing
12 on the claims and defenses; and a description of the major issues in dispute.
13             c. A summary of the proceedings to date.
14             d. An estimate of the cost and time to be expended for further discovery, pretrial,
15 and trial.
16             e. The relief sought.
17             f. The party's position on settlement, including present demands and offers and a
18 history of past settlement discussions, offers, and demands.
19             g. A brief statement of each party's expectations and goals for the settlement
20 conference.
21       6. The Clerk of the Court is directed to serve a copy of this order on the Litigation Office
22 at High Desert State Prison via facsimile at (530) 251-5031.
23 DATED: October 22, 2012.

_EDMUND F. BRENNAN_
UNITED STATES MAGISTRATE JUDGE